PETTIT v. TURNER, appellant.

*Contract for services — tender of performance.*

Plaintiff was employed by defendant for a specified time. After the term of his service had commenced he was prevented by defendant from entering upon his duties, and was finally discharged. *Held,* that plaintiff was not obliged to tender a performance of his services as a condition precedent to maintaining an action for their value.

APPEAL from a judgment in favor of plaintiff, entered upon the verdict of a jury.

About the middle of October, 1867, the plaintiff, George Pettit, who was then in the employ of the firm of Shaffer & Hamilton, as a commercial traveler, under a contract, ending September 1, 1868, was engaged by defendant, Malcom C. Turner, to travel for him in the West Indies for five months, from November 1, 1867, to April 1, 1868. At the request of defendant plaintiff procured a release from Shaffer & Hamilton of his contract to travel for them, and went to his home in Niagara county, defendant agreeing to notify him by letter when he was required to begin his duties. Defendant postponed plaintiff's departure from time to time, until, in the month of December, he wrote plaintiff that he had concluded not to hire anybody on a salary. To this letter plaintiff made no reply. He remained idle until April 1, 1868, when he returned to the employ of Shaffer & Hamilton.

No agreement was made as to plaintiff's salary at the time he was engaged, but he was at that time receiving for similar services $3,000 a year, which defendant knew. On the trial defendant moved to dismiss the complaint, on the ground that no tender of performance had been proved by plaintiff. The denial of this motion was the only question involved in the appeal.

*George W. Stephens*, for appellant.

*A. W. Brazee*, for respondent.

TAPPEN, J. The defendant agreed to employ the plaintiff on a trip to the West Indies, for the term of five months, commencing November 1, 1869 ; the plaintiff, at defendant's request, obtained a release of the plaintiff's unexpired engagement in the service of other parties, and at all times held himself in readiness to depart in defendant's service.

The plaintiff had a verdict, and on the appeal taken by defendant, the only question mooted is as to the ruling of the court below in refusing to dismiss the complaint, on the ground that no tender of performance on the part of the plaintiff had been proved.

A part of the agreement was that the defendant should have every thing ready for plaintiff's departure in two weeks, and in the mean time the plaintiff was to be allowed to return to his home in Niagara county, and defendant was to write plaintiff when ready to have him start. Two letters were put in evidence written by

defendant to plaintiff after the engagement was made, which show the employment of plaintiff, and plaintiff testifies that thereafter the defendant wrote him a letter in December, 1867, discharging him.

These letters and this discharge made it unnecessary for the plaintiff to tender performance. Where the defendant absolutely refuses to perform his agreement, the law does not impose upon the plaintiff the useless act of a tender of performance as a condition precedent to the maintenance of an action. *Grist* v. *Armour*, 35 Barb. 387; *Anderson* v. *Sherwood*, 56 id. 69. But after the nonsuit was denied, the testimony on the part of the defendant showed an offer and readiness by the plaintiff to perform the contract on his part, and this proof is available to the plaintiff upon the consideration of the whole case.

No other question is raised by the appellant. The judgment should be affirmed, with costs.

*Judgment affirmed.*